**FEI YANG, Petitioner,**

v.

**Alberto R. GONZALES,\* Respondent.**

No. 03–4878–ag.

United States Court of Appeals,
Second Circuit.

July 27, 2006.

Thomas V. Massucci, New York, New York for Petitioner.

For Respondent: Because the Court did not receive a brief from the respondent within fifteen days of the May 26, 2006 due date specified in the scheduling order issued on April 10, 2006, this case has been decided without the benefit of respondent's brief. *See* Local Rule § 0.29(d).

Present: Hon. JOSEPH M. McLAUGHLIN, Hon. JOSÉ A. CABRANES, Hon. ROSEMARY S. POOLER, Circuit Judges.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

## SUMMARY ORDER

Fei Yang, a native and citizen of the People's Republic of China, petitions for review of the BIA's April 2003 order affirming Immigration Judge ("IJ") William C. Peterson's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Substantial evidence supports the IJ's findings of adverse credibility and insufficient documentation. The IJ reasonably found Yang's response evasive when he stated that he did not know the date of his wife's second IUD insertion, and reasonably rejected his explanation that "[i]n China men usually don't ask about women's matter[s]," because Yang was able to provide the date of his wife's first IUD insertion, and an approximate date for when it was removed, and testified that he discussed when his wife should remove her IUD. *See Majidi v. Gonzales,* 430 F.3d

77, 80–81 (2d Cir.2005) (emphasizing that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable factfinder to do so). These events also concerned "women's matters," yet Yang had knowledge of them.

The record also supports the IJ's indication that Yang's written application and testimony were inconsistent with respect to where his wife had her second IUD insertion. Yang stated in his written application that the family planning officials "took [his] wife to Lianjiang Hospital to have [an] abortion on June 5, 1990," and that they also forced his wife to "have [ ] IUD re-insertion." He testified specifically that the second IUD was inserted in the village and not while his wife was in the hospital. When the IJ asked Yang why it appeared from the application that his wife underwent both an abortion and IUD insertion at the hospital, he responded that women in China do not usually tell men about the timing of such matters and that men do not ask about a woman's body. The IJ reasonably discredited this explanation. *Id.* This inconsistency, while perhaps involving a minor detail, was material to Yang's claim that his wife underwent forced abortions and forced IUD insertions and, when weighed against the entire record, supports the IJ's adverse credibility determination. *See Liang Chen v. U.S. Att'y Gen.,* 454 F.3d 103, 106–07 (2d Cir. 2006) (holding that "an IJ need not consider the centrality *vel non* of each individual discrepancy or omission before using it as the basis for an adverse credibility determination").

Notwithstanding any flaws in the IJ's reasoning, the IJ's findings with respect to Yang's demeanor and the material inconsistencies identified in the record provide substantial evidence to support the IJ's adverse credibility finding, and it is clear that the IJ would reach the same decision based only on these points. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 162 (2d Cir.2006); *see also Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006) (finding that the cumulative effect of discrepancies that concern matters collateral or ancillary to a claim may nevertheless be deemed consequential by the factfinder). Given that the only evidence of a threat to Yang's life or freedom depended upon his credibility, the adverse credibility and insufficient documentation determinations in this case necessarily preclude success on Yang's claims for withholding of removal under the Immigration and Nationality Act or the CAT. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir. 2003).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).